**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KHAMBANG CHANTHABANDITH, | No. 07-72517 |
| Petitioner, | Agency No. A070-785-190 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Khambang Chanthabandith, a native and citizen of Laos, petitions for review

of the Board of Immigration appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings, and we review de novo the agency's legal determinations.  *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We deny the petition for review.

Substantial evidence supports the agency's determination that Chanthabandith's past experiences in Laos, including threatening visits from government forces, did not rise to the level of persecution.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1181-82 (9th Cir. 2003).  Substantial evidence also supports the agency's determination that Chanthabandith failed to demonstrate a well-founded fear of future persecution, particularly in light of the lack of any visits by government forces after she bribed them.  *See Castillo v. INS*, 951 F.2d 1117, 1121-22 (9th Cir. 1991).  Chanthabandith's claim for humanitarian asylum necessarily fails because she did not establish past persecution.  *See* 8 C.F.R. § 1208.13(b)(1)(iii).

Because Chanthabandith failed to establish eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Chanthabandith did not demonstrate a clear probability of torture.  *See Wakkary*, 558 F.3d at 1067-68.

07-72517

**PETITION FOR REVIEW DENIED.**